UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CLERK USDC EDWI
FILED

2023 MAR 14 P 12: 48

UNITED STATES OF AMERICA,

Plaintiff,

v.

CANDICE V. CUNNINGHAM and
JOSEPH E. JOHNSON, JR.,

Defendants.

**FILED UNDER SEAL**

Case No. **23-CR-046**

[18 U.S.C. §§ 1341 and 1349]

---

## INDICTMENT

---

## GENERAL ALLEGATIONS

**THE GRAND JURY CHARGES THAT:**

At all times material to this Indictment, unless otherwise specified:

### The Defendants

1.      Defendant CANDICE V. CUNNINGHAM was an individual residing in or around Illinois.

2.      Defendant JOSEPH E. JOHNSON, JR. was an individual residing in or around Indiana and/or in or around Illinois. Starting in or around March 2018, JOHNSON leased three mailboxes from United Parcel Service stores located in or around Kenosha, Wisconsin (the "Kenosha Mailbox"); Racine, Wisconsin (the "Racine Mailbox"); and Oak Creek, Wisconsin (the "Oak Creek Mailbox") (collectively, the "Wisconsin Mailboxes").

## Relevant Entities

3.      Wealth Partners Publishing Inc. was incorporated in Illinois on or about June 15, 2015, and was involuntarily dissolved in or around September 2017. CUNNINGHAM was listed as President of the company. Both CUNNINGHAM and JOHNSON had signatory authority for bank accounts in the name of Wealth Partners Publishing.

4.      Wealth Wise LLC was incorporated in Delaware on or about June 17, 2016. Wealth Wise was later registered in Georgia. Wealth Wise also operated under the names Zero to Profit and Lav Label. CUNNINGHAM and JOHNSON had signatory authority for bank accounts in the name of either Wealth Wise, Zero to Profit, and/or Lav Label.

5.      Group Twenty17 LLC was incorporated in Indiana on or about January 19, 2017. JOHNSON was the registered agent and manager. Two of the assumed business names associated with Group Twenty17 were Zero to Profit and DTR Group.

6.      Online Biz Development LLC was incorporated in New Mexico on or about February 5, 2019. Online Biz Development operated under the name of 30 Day Success Formula. JOHNSON had signatory authority for bank accounts in the name of Online Biz Development.

7.      Company 1 was a printing, marketing, and mailing company located in Indiana.

8.      Company 2 was a direct mail, print, and processing services company located in California.

2

## Relevant Background on Pyramid Schemes

9.     A "pyramid scheme" is a marketing or sales program in which, among other things, participants pay money in return for the opportunity to be compensated for recruiting other people to join as well. Pyramid schemes typically involve a seemingly legitimate business that may in fact sell a product, but they derive the bulk of their revenue from new participants buying into the program, not from legitimate sales of a product. These schemes typically promise substantial returns for doing little beyond paying to join the program and convincing others to do the same.

3

**COUNT ONE**
**(Conspiracy to Commit Mail Fraud)**
**(18 U.S.C. § 1349)**

**THE GRAND JURY FURTHER CHARGES THAT:**

10. Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated by reference as though fully set forth here.

11. From at least in or around September 2015 through at least in or around February 2023, in the State and Eastern District of Wisconsin and elsewhere,

**CANDICE V. CUNNINGHAM and JOSEPH E. JOHNSON, JR.,**

did knowingly and intentionally, that is, with the intent to advance the conspiracy, combine, conspire, and agree with each other and other individuals, known and unknown to the Grand Jury, to commit an offense against the United States, namely mail fraud, that is, to knowingly, and with the intent to defraud, having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made, place and cause to be placed in a Post Office or authorized depository for mail a thing to be sent and delivered by the Postal Service or any private or commercial interstate carrier, for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1341.

**Overview of the Conspiracy and Scheme to Defraud**

12. From at least in or around September 2015 and continuing until at least in or around February 2023, CUNNINGHAM, JOHNSON, and others, known and unknown to the Grand Jury, operated a series of pyramid schemes advertised to victim-participants under

4

various names including, but not limited to, Wealth Partners Publishing, Wealth Wise, Zero to Profit, 30 Day Success Formula, Lav Label, Beckett Group, and DTR Group (collectively, the "Pyramid Schemes").

### The Purpose of the Conspiracy and Scheme to Defraud

13.    It was the purpose of the conspiracy and the scheme to defraud for CUNNINGHAM, JOHNSON, and others, known and unknown to the Grand Jury, to enrich themselves by operating the Pyramid Schemes.

### The Manner and Means of the Conspiracy and Scheme to Defraud

14.    The manner and means by which CUNNINGHAM, JOHNSON, and others sought to and did accomplish the purpose of the conspiracy and scheme to defraud included, but were not limited, to the following:

15.    In furtherance of the conspiracy and scheme to defraud, CUNNINGHAM, JOHNSON, and others caused marketing materials to be sent to potential victim-participants via online solicitations and mass mailings, which were delivered through the Postal Service and through a private and commercial interstate carrier, with the intention of inducing those victim-participants to invest in the Pyramid Schemes.

16.    As part of the conspiracy and scheme to defraud, the marketing materials made the material misrepresentation that if a victim-participant invested money in one of the Pyramid Schemes, that victim-participant would receive payments from other participants recruited by the victim-participant. The marketing materials gave victim-participants the option to either send out their own mailings to recruit new participants or to pay a company to send out mailings on the victim-participant's behalf to recruit additional participants.

5

17.     As part of the conspiracy and scheme to defraud, the marketing materials directed victim-participants to complete an order form and select a payment option, often offering different "levels" at which to join.  The amount of money that a victim-participant was supposed to receive in exchange for joining the program and recruiting others often depended on the level or package at which the victim-participant joined.  Generally, the marketing materials promised that if a victim-participant joined at a higher level (*i.e.*, paid more to join), then the victim-participant would receive even more money at a later date.

18.     In furtherance of the conspiracy and scheme to defraud, CUNNINGHAM, JOHNSON, and others, directed victim-participants to submit the order form and payment— by check, money order, cash, and credit card—through the Postal Service and through a private and commercial interstate carrier, to a mailbox associated with one of the Pyramid Schemes, including the Wisconsin Mailboxes and other mailboxes located in Illinois, Indiana, and Michigan.

19.     As part of the conspiracy and scheme to defraud, the marketing materials also made the material misrepresentation that if a victim-participant did not receive payments from other participants, the victim-participant was guaranteed that his or her initial investment would be fully refunded.

20.     In reality, most victim-participants did not receive any payments from other participants.  Likewise, most victim-participants were denied the return of their initial investment.

21.     In furtherance of the conspiracy and scheme to defraud, once one of the Pyramid Schemes collapsed or came under investigation, CUNNINGHAM, JOHNSON,

6

and others simply changed the name and location of the scheme while continuing the same and similar operation.

22.     As a result of the conspiracy and scheme to defraud, CUNNINGHAM, JOHNSON, and others obtained millions of dollars.

All in violation of Title 18, United States Code, Section 1349.

7

## COUNTS TWO THROUGH SEVEN
### (Mail Fraud)
### (18 U.S.C. § 1341)

THE GRAND JURY FURTHER CHARGES THAT:

23.     Paragraphs 1 through 9 and 12 through 22 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

24.     On or about the dates specified as to each count below, in the State and Eastern District of Wisconsin and elsewhere,

**CANDICE V. CUNNINGHAM and JOSEPH E. JOHNSON, JR.,**

for the purpose of executing the aforesaid scheme and artifice to defraud, and attempting to do so, did knowingly place and cause to be placed in a Post Office and authorized depository for mail a thing to be sent and delivered by the Postal Service and any private and commercial interstate carrier:

| Count | On or About Date | Description of Mailing |
|-------|------------------|-----------------------|
| 2 | December 10, 2018 | Mailing of 30 Day Success Formula marketing materials from Company 1 in Indiana to the Racine Mailbox in Wisconsin. |
| 3 | April 12, 2019 | Mailing of cashier's check to upgrade membership in 30 Day Success Formula from S.O. in Florida to the Kenosha Mailbox in Wisconsin. |
| 4 | April 15, 2019 | Mailing of 30 Day Success Formula enrollment form and cash from K.N. in Florida to the Kenosha Mailbox in Wisconsin. |
| 5 | April 23, 2019 | Mailing of 30 Day Success Formula enrollment form and cash from R.B. in Florida to the Racine Mailbox in Wisconsin. |
| 6 | June 21, 2019 | Mailing of 30 Day Success Formula marketing materials from Company 2 in California to a potential victim-participant in Wisconsin. |

8

| Count | On or About Date | Description of Mailing |
|---|---|---|
| 7 | July 2, 2019 | Mailing of 30 Day Success Formula enrollment form and cash from V.P. in Florida to the Kenosha Mailbox in Wisconsin. |
| 8 | December 3, 2021 | Mailing of Lav Label marketing materials from a mailbox in Illinois to J.J. in Wisconsin. |

Each in violation of Title 18, United States Code, Section 1341.

9

# FORFEITURE NOTICE

1. Upon conviction of one or more offenses alleged in Counts 1 through 8 of this Indictment, the defendants shall forfeit to the United States of America, pursuant to 28 U.S.C. § 2461(c), 18 U.S.C. § 981(a)(1)(C), and 21 U.S.C. § 853, all property, real or personal, which constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offenses including, but not limited to, the following: a sum of money representing the amounts of proceeds the defendant obtained as a result of defendants' wire, mail, or financial institution fraud scheme. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property, which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

10

A TRUE BILL:

███████████████████

FOREPERSON

Date: 3-14-23

GREGORY J. HAANSTAD
United States Attorney

GLENN S. LEON
Chief, Fraud Section
U.S. Department of Justice

11