# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                         **Case No. 23-CR-46**

CANDICE V. CUNNINGHAM and
JOSEPH E. JOHNSON, JR.,

        Defendants.

---

## RECOMMENDATIONS AND ORDERS

---

Candice V. Cunningham and Joseph E. Johnson, Jr., are charged with mail fraud and conspiracy to commit mail fraud relating to an alleged pyramid scheme. (ECF No. 1.) They filed a joint motion challenging the indictment on various grounds. (ECF No. 72.)

### 1. Surplusage

The indictment repeatedly refers to the defendants' overall conduct as a "pyramid scheme." In paragraph nine, the indictment describes the general nature of a pyramid scheme. The defendants argue that this paragraph must be stricken as

surplusage. *See* Fed. R. Crim. P. 7(d) ("Upon the defendant's motion, the court may strike surplusage from the indictment or information.").

"Surplusage should not be stricken unless 'it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial.'" *United States v. Peters*, 435 F.3d 746, 753 (7th Cir. 2006) (quoting *United States v. Rezaq*, 328 U.S. App. D.C. 297, 134 F.3d 1121, 1134 (D.C. Cir. 1998)).

As is routine, the indictment alleges the means and methods of the conspiracy. The government alleges that at the heart of the conspiracy were a series of pyramid schemes. Lest this term be misunderstood, the indictment in paragraph nine explains what a pyramid scheme is. Because the alleged pyramid schemes are central to the alleged conspiracy, a paragraph explaining the nature of pyramid schemes is relevant and not surplusage.

Nor is there any impropriety in the use of the term "victim-participants" to describe the persons who bought into the alleged pyramid scheme. That there has been no finding that anyone has been a "victim" of the alleged scheme does not make the use of the term improper. Indictments are mere allegations and routinely refer to alleged victims. Such phrasing aids the defendant in understanding the nature of the government's allegations. Striking a reference to a victim would be no more appropriate than striking every reference to fraud or its cognates on the grounds that the

2

government has not yet proven that a fraud occurred. The defendant's motion to strike surplusage will be denied.

## 2. Vagueness

While arguing that the description of a pyramid scheme is irrelevant surplusage, the defendants simultaneously argue that the description impermissibly expands the scope of 18 U.S.C. § 1341, resulting in a statute that is unconstitutionally vague as applied to them. (ECF No. 72 at 6-9.)

This argument appears to rest on a misunderstanding of the nature of the charges against the defendants. The defendants are not charged with running a pyramid scheme. A pyramid scheme might not be an inherently unlawful business model (for lack of a better term), and the indictment does not suggest otherwise. But because fraud is often necessary to induce persons to participate, pyramid schemes frequently give rise to criminality.

The indictment identifies the misrepresentations allegedly made by the defendants: that participants would receive payments from other recruited participants (ECF No. 1, ¶ 16) and that any participant who did not receive payments could receive his entire investment back (ECF No. 1, ¶ 19; *see also* ECF No. 1, ¶ 20). Although these misrepresentations were allegedly made in the context of a pyramid scheme, it is the misrepresentations, not the pyramid scheme, that gives rise to the charges. The

3

description of a pyramid scheme does not, in any way, purport to expand the scope of the mail fraud statute.

Although the defendants argued in their initial motion only that § 1341 was unconstitutionally vague (ECF No. 72 at 6), in reply they argue that both § 1341 and § 1349 are vague (ECF No. 78 at 4). Arguments raised for the first time in reply are waived. *Griffin v. Bell*, 694 F.3d 817, 822 (7th Cir. 2012). But any argument that the reference to a pyramid scheme renders § 1349 unconstitutionally vague would likewise fail. The court will recommend that the motion be denied.

### 3. Bill of Particulars

As an alternative to their motion to strike the purported surplusage, the defendants seek a bill of particulars. (ECF No. 72 at 4-6.) "[A] bill of particulars is 'unnecessary where the indictment sets forth the elements of the charged offenses and provides sufficient notice of the charges to enable the defendant to prepare his defense.'" *United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013) (quoting *United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003); citing *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981)).

The defendants complain that the indictment "does not provide factual proof supporting the alleged charges." (ECF No. 72 at 5.) They contend:

> Without further factual proof of the information listed in the indictment, Cunningham and Johnson do not have the information needed to prepare a defense and the charges as currently listed are too broad in nature. The charges are complex, the indictment as written is cryptic, and the

discovery is voluminous. A bill of particulars shall be granted to afford the parties reasonable ability to understand the charges and prepare for trial.

(ECF No. 72 at 6.)

In demanding "further factual proof," it is unclear what specifically the defendants seek in the form of a bill of particulars. Discovery is the traditional means a defendant learns of the evidence that the government will rely on to prove the allegations in the indictment. *Hernandez*, 330 F.3d at 975. A defendant, however, is not entitled to all the details of how the government will prove its case. *United States v. Blanchard*, 542 F.3d 1133, 1141 (7th Cir. 2008) (citing *United States v. Fassnacht*, 332 F.3d 440, 445 (7th Cir. 2003)); *see also Kendall*, 665 F.2d at 135 (quoting *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir. 1979)) ("It is established that 'a defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case.'"); *United States v. Douglas*, 2005 U.S. Dist. LEXIS 13163 (W.D. Wis. June 27, 2005) (citing *Wong Tai v. United States*, 273 U.S. 77, 82 (1927)) ("[A] bill of particulars under F. R. Crim. Pro. 7(f) is not designed to provide the defendant with a detailed disclosure of the government's witnesses, legal theories or evidentiary detail.").

The defendants have fallen short of showing that a bill of particulars is necessary. Although the discovery may be voluminous, as is to be expected in a case such as this, the government has made extensive efforts to aid the defendants in navigating it and understanding the government's allegations. The government has provided indices with each batch of discovery, made reverse proffer presentations to the defendants, and

pointed to specific examples of alleged misrepresentations. (ECF No. 75 at 10-11.)

Moreover, the affidavits submitted in support of the various search warrants obtained

in the investigation, which have been disclosed to the defendants, provide narrative

accounts of the alleged conspiracy. (ECF No. 75 at 10-11.)

The defendants have failed to demonstrate that the indictment combined with

these extensive disclosures are insufficient. Therefore, their motion for a bill of

particulars will be denied.

### 4. Sufficiency of Count One

To be sufficient, an indictment must fulfill three distinct functions. First, the indictment must state all of the elements of the crime charged; second, it must adequately apprise the defendant of the nature of the charges so that he may prepare a defense; and third, it must allow the defendant to plead the judgment as a bar to any future prosecutions for the same offense.

*United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000) (citing Fed. R. Crim. P. 7(c)(1);

*United States v. Torres*, 191 F.3d 799, 805 (7th Cir. 1999)).

The defendants argue that count one of the indictment is insufficient because it

lacks specific details as to the defendants' knowing participation in a scheme to defraud.

(ECF No. 72 at 10.) They argue that "the entire basis for the conspiracy is a vague

description of 'Pyramid Scheme' with no citation or source." (ECF No. 72 at 10.)

It is unclear precisely what the defendants assert the indictment lacks. They seem

to argue that it was not enough that the indictment alleges, in the language of the

statute, that the defendants

did knowingly and intentionally, that is, with the intent to advance the conspiracy, combine, conspire, and agree with each other and other individuals, known and unknown to the Grand Jury, to commit an offense against the United States, namely mail fraud, that is, to knowingly, and with the intent to defraud, having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing such pretenses, representations, and promises were false and fraudulent when made, place and cause to be placed in a Post Office or authorized depository for mail a thing to be sent and delivered by the Postal Service or any private or commercial interstate carrier, for the purpose of executing such scheme and artifice….

(ECF No. 1, ¶ 11.)

They seem to argue that, as to each supporting factual assertion within count one, the indictment was required to state that the defendants acted with a particular mens rea. For example, they note: "Moreover, paragraphs 14-22, which describe the 'Manner and Means of the Conspiracy and Scheme to Defraud,' fail to allege crucial knowledge and intent elements concerning Cunningham and Johnson's participation." (ECF No. 72 at 10-11.) The defendants then argue:

Under these circumstances, where the Government has offered a generic definition for the scheme at issue, that unlawfully expands §1341, the Government must do more than simply track the statutory language. Here, it is not sufficient to "charge the offence in the same generic terms as in the definition …." For these reasons, Count One is defective and must be dismissed.

(ECF No. 72 at 11.)

The defendants' argument that the indictment "unlawfully expands § 1341" is without merit, as explained above. Beyond that, the indictment does far more than

merely charge an offense in "generic terms." It describes the nature of the overarching conspiracy and the alleged misrepresentations that form the basis for count one.

The remainder of their argument again appears to be based on a misunderstanding of the relevant charges. As the government notes (ECF No. 75 at 16-17), the defendants appear to base their argument on a conflation and comingling of the elements of the conspiracy count, 18 U.S.C. § 1349, and the substantive mail fraud counts, 18 U.S.C. § 1341, *compare* 7th Cir. Pattern Crim. Jury Inst. (2023 Ed.) § 5.08(B) *with id*. 18 U.S.C. §§ 1341 & 1343 Mail /Wire/Carrier Fraud—Elements.

Count one is factually sufficient, and the court will recommend that the defendants' motion to dismiss on the basis of factual insufficiency (ECF No. 72 at 9-11) be denied.

### 5. Duplicity

"An indictment that charges two or more distinct offenses within a single count is duplicitous." *United States v. Hassebrock*, 663 F.3d 906, 916 (7th Cir. 2011). The defendants argue that count one is duplicitous and that charging multiple offenses within a single count could result in them being convicted of an offense by less than a unanimous verdict or being convicted of crimes beyond the statute of limitations or for which venue is not proper in this district.

Again, this argument appears to rest on a misunderstanding of the charge and matters such as the statute of limitations or venue vis-à-vis a charge of conspiracy.

Notably, the defendants fail to cite any legal authority to support any of their criticisms of count one on duplicity grounds. (ECF No. 72 at 11-14.)

"The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for 'The conspiracy is the crime, and that is one, however diverse its objects.'" *Braverman v. United States*, 317 U.S. 49, 54 (1942) (quoting *Frohwerk v. United States*, 249 U.S. 204, 210 (1919)). It is not duplicitous for an indictment to allege in a single conspiracy count that the commission of many different crimes were objects of the conspiracy. *United States v. Bruun*, 809 F.2d 397, 406 (7th Cir. 1987).

As for the defendants' concern that the reference to multiple offenses may lead to a less than unanimous jury, ensuring the requisite juror unanimity is a matter for jury instructions. *See United States v. Hughes*, 310 F.3d 557, 561 (7th Cir. 2002).

A conspiracy count may include temporally distant conduct without offending the statute of limitations so long as the conspiracy continued into the statute of limitations period. *See United States v. Brock*, 782 F.2d 1442, 1445 (7th Cir. 1986). "[A] statute of limitations for conspiracy does not begin to run until the conspiracy ends." *United States v. Schiro*, 679 F.3d 521, 528 (7th Cir. 2012); *see also United States v. Curley*, 55 F.3d 254, 257 (7th Cir. 1995). The indictment alleges that the conspiracy continued until at least February 2023. (ECF No. 1, ¶ 11.) The indictment was returned a month later. Therefore, the indictment is not subject to dismissal on statute of limitations grounds.

Finally, venue is proper in any district where an act in furtherance of the conspiracy occurred. *United States v. Rodriguez*, 67 F.3d 1312, 1318 (7th Cir. 1995); *United States v. Curley*, 55 F.3d 254, 258 (7th Cir. 1995) (citing *United States v. Sax,* 39 F.3d 1380, 1390 (7th Cir. 1994)). The indictment adequately alleges that an act in furtherance of the conspiracy occurred in this district. Therefore, venue is proper.

The court finds no basis to recommend dismissal of count one as duplicitous.

### 6.  Factual Sufficiency of Count Two

The defendants argue that count two of the indictment is deficient because it relates to the mailing for marketing materials for the "30 Day Success Formula." (ECF No. 72 at 14; *see also* ECF No. 1, ¶ 24.) However, Online Biz Development, LLC, which operated under the name "30 Day Success Formula," was not organized until February 5, 2019. (ECF No. 72 at 14.) "The indictment does not explain this impossible discrepancy." (ECF No. 72 at 15.)

There is no discrepancy, much less one that need be explained in an indictment. There is nothing impossible or even unreasonable about persons obtaining marketing materials for a venture before creating the entity through which that venture may operate.

### 7.  Grand Jury Transcripts

The defendants argue that early disclosure of grand jury transcripts is necessary because "the indictment shows that the Government likely misinformed and misled the

grand jury with its vague definition of 'Pyramid Scheme.'" (ECF No. 72 at 15-16.) They also point to other arguments addressed above—that the indictment lacks sufficient detail regarding the specific acts and the defendants' intent—to contend that these purported deficiencies support early disclosure. (ECF No. 72 at 16.)

The proper functioning of the grand jury depends upon secrecy. *United States v. Sells Eng'g*, 463 U.S. 418, 424 (1983) (quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218-19 (1979)); *In re Grand Jury Proceedings*, 942 F.2d 1195, 1198 (7th Cir. 1991). Disclosure of grand jury proceedings is appropriate only in extremely limited circumstances--when the party seeking disclosure can show a compelling necessity or a particularized need for the information. *In re Grand Jury Proceedings*, 942 F.2d at 1198. A movant's speculation that disclosure of the grand jury proceedings might reveal information that will be beneficial in some manner is insufficient. *See United States v. Edelson*, 581 F.2d 1290, 1291 (7th Cir. 1978). "[A] mere possibility of benefit does not satisfy the required showing of particularized need." *In re Grand Jury Proceedings*, 942 F.2d at 1199.

As discussed above, all of the defendants' arguments rest on their own misunderstandings of the charges against them, what the government must prove to convict them, and the relevance of the discussion of pyramid schemes in the indictment. Having rejected all of the defendants' substantive arguments, the court likewise rejects

those arguments as a basis for early disclosure of grand jury transcripts. Accordingly, this motion will be denied.

**IT IS THEREFORE ORDERED** that the defendants' motions to strike surplusage, for a bill of particulars, and for disclosure of grand jury transcripts are **denied**.

**IT IS FURTHER RECOMMENDED** that the defendants' motions to dismiss the indictment be **denied**.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(A), (B) and (C) and Fed. R. Crim. P. 59(a) and (b)(2), written objections to any order or recommendation herein or part thereof shall be filed within fourteen days of the date of service of this recommendation and order or prior to the Final Pretrial Conference, whichever is earlier. Failure to file a timely objection with the district court will result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 4th day of October, 2024.

WILLIAM E. DUFFIN
U.S. Magistrate Judge